Rockingham,
Jan. 1, 1907.

STATE *v.* COTE *& a.*

Where the breach of a liquor dealer's bond is claimed to be an illegal sale by an agent of the licensee, an affidavit which does not deny the sale or the agency does not disclose a defence to an action on the bond.

Defects in proceedings before the license commissioners for the cancellation of a license for the sale of liquor are not a defence in an action by the state upon the bond of the licensee.

DEBT, on a bond signed by Cote as principal and the United States Fidelity and Guaranty Company as surety, and given under chapter 95, Laws 1903, Cote having secured a license under said chapter for the sale of intoxicating liquor.   In support of his motion for a continuance under Rule 29 of the superior court, Cote filed an affidavit setting forth grounds of defence, as follows ;

"It is not claimed on the part of the state that any sale of liquor was made by me in violation of the law, but the claim . . . is that a sale was made by one M. J. Marchand, who is deemed to have been my clerk.   I did not personally make such sale alleged, and I am informed by Marchand that he did not make such sale.   I desire also to use said Marchand as a witness in answer to said allegation and in denial of said sale."

The second ground of defence alleges that " at the trial of the case before the court of license commissioners " the proceedings were " informal, irregular, and illegal," details the matters claimed

to be objectionable, and concludes: "I desire to bring a writ of *certiorari* to maintain my right to a trial by jury, either before the court of license commissioners or before the superior court. I make this request in good faith, and if granted an opportunity will bring my petition for a writ of *certiorari* immediately."

At the April term, 1906, of the superior court it was ruled by *Chamberlin*, J., that the affidavit set forth no legal ground of defence to the action, and the defendants excepted.

*Edwin G. Eastman*, attorney-general, for the state.

*Goss & Tardivel*, for Cote.

*Rich & Marble*, for the United States Fidelity and Guaranty Company.

PARSONS, C. J.  "The defendant shall be entitled to a continuance at the first term, upon satisfying the court, by affidavit, that he has probable ground of defence, the nature of which shall be disclosed in the affidavit, and that he intends in good faith to try the case." Rule of Court No. 29, 71 N. H. 680. The questions of fact involved in an application for a continuance under this rule are for the superior court, and the matter of continuance merely would present no question for this court (*Hutchinson* v. *Railway*, 73 N. H. 271, 272, 273); but any question of law passed upon by the court in deciding such a motion may be excepted to and, being transferred, is open here. In this case the court ruled that the facts disclosed in the affidavit did not set forth a defence to the action. The correctness of this ruling is the only question involved.

The state could have established a breach of the bond by proof of a violation of the terms of the license by Cote, or of the provisions of the act at the place designated in the license by the holder thereof, or by his agents, servants, or some person in charge of the premises. Laws 1903, c. 95, s. 8, cl. 9; *Ib.*, s. 14; *State* v. *Corron*, 73 N. H. 434. A defence to the state's claim must include a denial of all the acts any one of which might constitute a breach of the bond. The affidavit alleges that the breach charged is a sale made in violation of law by one Marchand, who is deemed to be the licensee's agent. While the affidavit denies such sale by the licensee, it does not deny that Marchand was his agent or servant, or in charge of the premises at the time of the alleged sale, nor does it deny that Marchand in fact made the alleged sale. It alleges that the affiant Cote, one of the defendants, had been informed by Marchand that he did not make the sale, but does not

even affirm the belief of either of the defendants that the statement was true, or that Marchand would persist in such statement under oath. As the first paragraph sets up the claim of the state to be an illegal sale by the licensee's agent, and does not deny the fact of such sale, no defence to the action is therein set out

The purpose of the allegations in reference to "the trial of the case before the court of license commissioners" does not seem to be clear. If the affidavit can be construed to allege that the question tried before the license commissioners was involved in this suit, it is not suggested that the commission adjudicated this or any question. It is alleged that the proceedings before the commissioners were "informal, irregular, and illegal." As it is not said that any action adverse to the defendants resulted from the alleged informal, irregular, and illegal action of the commission, it is difficult to see upon what ground error in the proceedings before the commissioners was considered material in this suit.

But if it be assumed that the affidavit was intended to allege that a proceeding was brought before the license commission for the cancellation of Cote's license; and that the same facts relied on in this suit as a breach of the bond were then relied upon by the state as a ground for the cancellation of the license; and that the question of fact thereby raised was litigated before the commission by the parties and judicially determined adversely to the defendants; and that the proceedings in which such determination was made were informal, irregular, illegal, and void; and these facts were all set out in the affidavit; and the special facts alleged were sufficient in law to establish the invalidity of the commissioners' judgment, the affidavit would still be insufficient. The state could maintain this action if no action had been taken for the purpose of cancelling the license. *State* v. *Corron*, 73 N. H. 434, 446. The action is equally maintainable if the proceedings to cancel the license are invalid or void. This suit is not an action on a judgment rendered by the commissioners, but an original suit upon the bond.

It may be that the defendants' purpose was to obtain delay for the purpose of attacking evidence which they feared the state might introduce against them. Upon such application, the questions whether the defendants were in fault for not earlier commencing proceedings to attack the judgment, and whether the facts alleged as legal error were such that the validity of the judgment ought to be investigated in a direct proceeding, would be presented. While the questions would be mainly for the superior court, a direct ruling upon the materiality of the objections urged to the judgment of the commission would have presented legal questions which could have been transferred here. But no such

ruling has been made, and no such application was necessary. Under the rule, if the defendants had alleged facts constituting a defence they would have been entitled to a continuance, during which they could have taken the steps necessary to enable them to present their case; but in no event would an application for delay have been entertained in the absence of facts disclosing a defence. As the validity of the objections alleged to the commissioners' proceedings were not directly passed upon by the superior court and are not involved in the ruling made, nothing would be gained by giving them any consideration.

*Exception overruled.*

All concurred.